PER CURIAM:
Claimant is currently incarcerated in Pruntytown Correctional Center and was formerly incarcerated in the West Virginia Penitentiary. He contends that he earned both overtime pay and extra earned good time while serving his sentence. He has not received compensation for the overtime pay, and so brings this claim for $550.00.
Respondent alleges that claimant is in error. The applicable Policy Directive mandates that prisoners shall be paid or shall be granted overtime or good time credit; that the claimant was granted good time credit and this credit was applicable against his sentence.
Claimant testified that he performed overtime work during his incarceration. He was sent to the West Virginia Penitentiary on June 19, 1980. His sentence is life with mercy. He has three years, eight months, and twenty-nine days of overtime. He submitted a letter to the Court which allegedly granted him good time as the result of an appeal before a special hearing officer.
John F. Massie, Records Clerk at the West Virginia State Penitentiary, testified with regard to this claim. He stated that the files he maintains include the records for the claimant. He indicated that claimant is serving a life sentence. He stated, "Inmates with life sentences really do not earn good time...." He does not take overtime or good time from a life sentence. As those with life sentences have no definite discharge date, Mr. Massie is unable to calculate these time periods for life sentences. The three years, eight months, and twenty-nine days are "on account" on claimant's record. Should claimant have a sentence reduction, Mr. Massie explained, he would deduct the time from his prison term and release him that much earlier. Mr. Massie further stated that only good time was awarded to prisoners serving definite time periods as their sentences. He stated that there are over 200 inmates in the life category, and none of these inmates received any direct compensation for overtime. Claimant is not in a unique position.
It is the opinion of the Court that the issue in this case has already been resolved by respondent as explained hereinabove. For that reason the Court is of the opinion to, and must deny this claim.
Claim disallowed.